VAN METER, APPELLEE, *v.* SEGAL-SCHADEL CO. OF COLUMBUS; ADMINISTRATOR, BUREAU OF UNEMPLOYMENT COMPENSATION, ET AL., APPELLANTS.

[Cite as Van Meter v. Segal-Schadel Co., 5 Ohio St. 2d 185.]

(No. 39595—Decided March 2, 1966.)

*Mr. Chester T. Freeman,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. Tony Kidd,* for appellants.

TAFT, C. J. So far as pertinent, Section 1.14, Revised Code, reads:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that when the last day falls on Sunday or a legal holiday, then the act may be done on the next succeeding day which is not a Sunday or a legal holiday.

"When a public office in which an act, required by law, is to be performed is closed to the public for the entire day which constitutes the last day for doing such act or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Sunday or a legal holiday as defined in this section.

"'Legal holiday' as used in this section means the following days: * * * [Nine holidays are then specified together with "any day appointed and recommended by the Governor of this state or the President of the United States as a holiday."]"

Thus, pursuant to the first paragraph of Section 1.14, in determining the time within which claimant's application for

reconsideration was to be filed, we exclude March 14, and the 10th day was March 24, 1962, which was a Saturday.

Section 5.30, Revised Code, reads in part:

"Every Saturday afternoon is a legal holiday beginning at 12 noon and ending at 12 midnight. * * *"

It is contended that, since Section 5.30 designates Saturday afternoon as a legal holiday, then in the instant case "the last day" (March 24) "falls on * * * a legal holiday" so that the application for reconsideration could be filed "on the next succeeding day which is not a Sunday or a legal holiday," i. e., Monday, March 26. The difficulty with this argument is that it is stated in Section 1.14 that " 'legal holiday' as used in this section means" certain days, and Saturday as such is not one of the days specified.

Reliance is next put upon the second paragraph of Section 1.14 with the contention that the "public office in which" the application for reconsideration was to be filed was "closed to the public * * * before its usual closing time on" the last day for filing that application. However, the statutory words refer to the public office being "closed to the public for the entire day which constitutes the last day for doing such act [i. e., filing the application for reconsideration] or before its usual closing time on such day." This last day was Saturday, March 24, 1962. It can be argued that the "usual closing time on such day" (i. e., a Saturday) would be noon so that there was no closing to the public before the "usual closing time on *such* day."

In our opinion, this would represent a technical and strict construction against assertion of a right of appeal. In our opinion, statutes providing for appeals and for proceedings with respect to appeals and for limitations on the right of appeal are remedial in nature and should be given a liberal interpretation in favor of a right of appeal. Thus, Section 1.11, Revised Code, reads in part:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. * * *"

In *Industrial Commission* v. *Musselli* (1921), 102 Ohio St. 10, 130 N. E. 32, in interpreting the statutory limitation on the

time within which a motion for a new trial could be filed, this court stated in paragraph two of the syllabus:

"Said section is a remedial statute and by Section 10214, General Code [now Section 1.11, Revised Code], it is made the duty of the court to give it a liberal construction, 'in order to promote its object, and assist the parties in obtaining justice.' "

We believe that the same may be said with regard to Sections 1.14 and 4141.28 (G), Revised Code.

Hence, we conclude that the words "such day" do not require the conclusion that, where a public office in which an application is to be filed is closed on Saturday afternoon, it is not closed before its usual closing time on such day merely because Section 5.30 makes Saturday afternoon a legal holiday. On the other hand, we believe that Section 1.14, Revised Code, and especially the addition of the second paragraph thereto in 1961 (129 Ohio Laws 1073) indicate a general legislative intention that "the last day for" doing an act required by law shall be a full work day. We believe that at least part of the motivation for the addition of that paragraph was the recognition by the General Assembly of the fact that this country has in recent years been rapidly becoming a "five-day-work-week" country.

Appellants contend further that the words "within ten *calendar days*" used in Section 4141.28 (G), Revised Code, should be construed so as to prevent operation of the provisions of Section 1.14, Revised Code. In our opinion, such a technical construction of those words would be inconsistent with the provisions of Section 1.11, Revised Code, and decisions construing it such as *Industrial Commission* v. *Musselli, supra.* See also Section 4141.46, Revised Code, requiring a liberal construction of Section 4141.28 (G), Revised Code.

Our conclusion is that where a statute requires an application to be filed in a public office within a certain number of calendar days, the time within which such filing can be made should be computed by excluding the first and including the last day and that, when the last day falls on Saturday, then the filing may be done on the following Monday. Of course, if the following Monday were a legal holiday, then the act could be done on the next succeeding day.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.