Inter-City Foods, Inc., d. b. a. Bill's Diner, Appellant, v. Porterfield, Tax Commr., Appellee.

(No. 3557—Decided March 11, 1970.)

Appeal: Court of Appeals for Stark County.

*Mr. Ralph L. Kinsey,* for appellant.
*Mr. Paul W. Brown* and *Mr. George M. Hauswirth,* for appellee.

Putman, J. This motion to dismiss the appeal involves two questions:

1. What restrictions may a state place upon state judicial review of claims of a state's denial of federal constitutional rights to property.

2. What restrictions has the state actually attempted to place upon the right of appeal in this type of case.

In particular, the taxpayer claims a right to a state

judicial review of his claim that the state tax board has taken his property in violation of the United States Constitution.

We are not called upon here to decide if this is true, but only whether he has done enough to entitle him to any state judicial review of his federal claim.

In determining what limitations a state may constitutionally impose upon a citizen's right to a judicial review of his federal claim of an unconstitutional deprivation of his property by a state administrative bureau, it is highly persuasive that the federal courts have held that the states may place practically no limitations upon the citizen's right to a judicial review of his federal claim of an unconstitutional deprivation of his liberty by a state court.

The taxpayer does not claim the same practically unrestricted right of access to judicial review for his federal claim of unconstitutional deprivation of property which he would have in the case of his liberty.

What he does claim is that his eight page notice of appeal complies with any conceivable constitutionally permissible restriction upon his right to a judicial review of his federal claim to his property. His federal claim is made against a state bureau in a legal system where state judicial review of his federal claim to his liberty against a state court is practically unrestricted.

In determining what, if any, restrictions a state may place upon a citizen's right to obtain a state judicial review of his federal claim of deprivation of property, by a state administrative bureau, in violation of the federal Constitution, it is most persuasive that the federal courts have held that the state may place practically no restrictions upon a citizen's right to a judicial review of his federal claim of deprivation of liberty by a state court.

It is the claim of the board of tax appeals, an administrative bureau of the government of the state of Ohio, that the taxpayer's Notice of Appeal to this court does not sufficiently set forth the errors complained of to invoke the jurisdiction of this court.

The taxpayer has not yet been before any court on

this matter. He has only been before the administrative bureau which made the assessment and penalty order he now attempts to have reviewed in this court. This court is the place the law requires him to come if he is to have any judicial scrutiny of his tax problem and the state does not deny this. The state simply says his paper work is not done with sufficient particularity to entitle him to his day in court. If this is true, the taxpayer is out for all time, because the state claims this court lacks jurisdiction in this matter because of the alleged inadequate notice of appeal, and the time has gone by in which the taxpayer could file again.

In effect, the state says to this taxpayer in this case: "Even though you hired a lawyer who filed in time, and in the right place, the papers he filed weren't detailed enough, therefore you are entitled to no day in any court."

In view of the claim of the insufficiency of detail in the statements of the error complained of in the Notice of Appeal, we observe that it is eight pages long and incorporates by reference the six specific assignments of error made to the board of tax appeals from the tax commissioner.

We know nothing of the merits of this appeal and have not addressed ourselves to such. What has occupied us is the fact that the government urges that we have no power to do so.

In this connection, we note generally that there are differences in the technicalities an appellant must comply with to be allowed to get into this court. We recognize there are different statutes dealing separately with notices of appeal in criminal cases, civil cases generally, and tax cases in particular. Likewise the court decisions respecting those notices reflect different philosophies of approach. Taken together, these magnify the differences in the ease or difficulty a person may encounter in attempting to secure his "day in court," depending upon the type of case claimed on the merits.

It is the fact of this difference which causes us to do more than file a one sentence memorandum.

Likewise, we acknowledge that counsel for the admin-

istrative board performs his professional duty as an officer of this court by calling to this court's attention the statute and case law interpreting it.

The statute, R. C. 5717.04, respecting notice of appeal in cases of appeals to this court from the board of tax appeals is different from that in cases of criminal or general civil appeals. It reads, in pertinent part, as follows:

"* * * Such notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of."

We are required to give meaning to the fact that in establishing the requirements for the contents of the notice of appeal in cases of appeals from the tax commissioner to the board of tax appeals, the legislature used the verb "specify." However, it did not use the verb "specify" in the statute dealing with notices of appeal from the board of tax appeals to this court. R. C. 5717.02, dealing with notices of appeal—not to our court but to the board of tax appeals from the tax commissioner—states, in pertinent part, as follows:

"The notice of appeal shall set forth, or have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, and shall also *specify* the errors therein complained of." (Emphasis added.)

The word "specify" is omitted from R. C. 5717.04 dealing with notices of appeal to our court. Notices of appeal to our court must "set forth" (R. C. 5717.04) the errors complained of, but notices of appeal from the tax commissioner to the board of tax appeals must "specify" the errors complained of.

As in the case of all other appeals, the filing of an adequate notice of appeal is the only jurisdictional step in the appeal.

Now it is clear that if the appellant were a hardened criminal who had confessed to having murdered this taxpayer, stolen the assets of the taxpayer's business and raped the taxpayer's family, the doors of this courtroom, by

the force of federal supremacy, would be flung open to him if he merely filed with this court, in the most rudimentary form, in his own lay language, in his own handwriting, on scratch paper, some statement that he had been wrongfully convicted, and sentenced and had no money.

If he styled it "Notice of Appeal" it would be treated as a motion for leave to appeal even if filed too late. If his request were to be captioned "Motion for leave to Appeal," we would be required to treat it as a notice of appeal, if such were filed on time. Not only would he have his day in court but we would be compelled to accept his allegation of poverty and pay from tax funds for a record of the proceeding and a court appointed lawyer to prosecute his appeal. And where would the money come from? From tax funds generated by the jobs produced and taxes paid by the industry of business men such as this appellant in the instant case, who, according to the state's own findings runs two 24 hour a day restaurants employing seventeen persons.

But the state would have us tell this tax paying citizen, who presumably works hard, minds his own business, hires his own lawyer and is willing to pay his judicially determined share of the bills for all of this, that his eight page, neatly typed, legal form notice of appeal doesn't say enough to get him, the first day, before the first court on his claim that he has been wronged by a state bureau.

The state cites the following cases in the following form:

In the case of *Richter Transfer Co.* v. *Bowers, Tax Commr.* (1962), 174 Ohio St. 113, the notice of appeal filed with the Supreme Court read, in part:

"Appellant complains of the following errors in said decision:

"1. The decision is contrary to law.

"2. The decision is unreasonable and unlawful.

"3. The decision is not sustained by the evidence, and is contrary to the evidence.

"4. The decision is against the weight of the evidence.

"5. The assessment placed upon the property involved is excessive, contrary to law and the evidence.

"This appeal is filed as of right under the provisions of Section 5717.04 of the Revised Code of Ohio."

The Supreme Court sustained a motion to dismiss, stating, at page 114:

"Strict compliance with the statutory requirements with respect to appeals provided for in Chapter 5717, Revised Code, is required.

"This court is of the opinion that the notice of appeal in the instant case *does not sufficiently* set forth 'the errors therein complained of' and, therefore, is not a sufficient compliance with the statutory requirement. * * *" (Emphasis added.)

In a prior case, *Lawson Milk Co.* v. *Bowers, Tax Commr.* (1961), 171 Ohio St. 418, the court, in a per curiam opinion, had dismissed a notice of appeal wherein the error complained of was "the decision by the Board of Tax Appeals to modify and affirm the final order of the Tax Commissioner in the following basic amounts: Sales tax $3,213.70. Use Tax $3,266.57."

In *Lawson, supra,* the court quoted, for precedent, the case of *Queen City Valves, Inc.,* v. *Peck, Tax Commr.* (1954), 161 Ohio St. 579, which concerned a notice of appeal to the board of tax appeals that read as follows:

"1. The decision is contrary to law.

"2. The decision is not sustained by the evidence is contrary to the evidence.

"3. The decision is against the weight of the evidence.

"4. The assessment placed upon the property involved is excessive, contrary to law and the evidence."

In *Queen City Valves, supra,* the court held that such notice did not enumerate in definite and specific terms the precise errors claimed, but used language so broad and general that it might be employed in nearly any case, and that it was insufficient to meet the demands of the statute.

The notice of appeal filed in the instant case reads, in pertinent part:

"1. The final order of the Board of Tax Appeals is

unreasonable, unlawful, and against the manifest weight of the evidence.

"2. The evidence adduced on behalf of the Tax Commissioner is so manifestly in error, and the evidence adduced by the appellant is so manifestly credible and creditable, that the decision of the Board of Tax Appeals amounts to an unconstitutional taking of the appellant's property."

We find none of the defects in the notices of appeal held insufficient in those cases to appear in the notice of appeal in this case.

This taxpayer is entitled to have this court hear him on the merits of his claim that the government is taking his property from him without credible evidence, without lawful reason, and contrary to the Constitution of this state and the United States.

The taxpayer has stated his complaint well within the limits this government may constitutionally place upon independent judicial review of bureaucratic seizure of private property.

Having considered the right of the state to limit state judicial review of federal constitutional claims, we now examine the legislative policy of the state of Ohio respecting limitations upon judicial review.

This is clearly set forth in the first paragraph of the syllabus of *Van Meter* v. *Segal-Schadel Co.* (1966), 5 Ohio St. 2d 185:

"1. Statutes providing for appeals and for proceedings with respect to appeals and for limitations on the right of appeal are remedial in nature and should be given a liberal interpretation in favor of a right of appeal. (Section 1.11 Revised Code, applied.)"

In that case, Chief Justice Taft, writing for an unanimous court, said:

"Said section is a remedial statute and by Section 10214, General Code (now Section 1.11 Revised Code), it is made the duty of the court to give it a liberal construction, 'in order to promote its object, and assist the parties in obtaining justice.' "

The position of the bureau on the motion to dismiss the appeal before us is contrary to the policy of the government it represents.

*Motion overruled.*

VAN NOSTRAN, P. J., and RUTHERFORD, J., concur in the judgment overruling the motion to dismiss the appeal.