BOARD OF REVIEW, OHIO BUREAU OF EMPLOYMENT
SERVICES, APPELLANT, v. ROPPO, APPELLEE.

[Cite as Bd. of Review v. Roppo (1979),
61 Ohio App. 2d 220.]

(No. 38201—Decided March 1, 1979.)

*Mr. Q. A. Corsi,* for appellant.
*Mr. Thomas Weeks,* for appellee.

DAY, J.   This is an appeal by the Board of Review, Ohio
Bureau of Employment Services (Board or appellant) from a
judgment rendered by the Cuyahoga County Common Pleas
Court.

In December 1975, James Roppo (Roppo or appellee), a
mechanic, was discharged from his job with the city of
Parma. On December 31, 1975, Roppo filed a claim for
unemployment benefits with the Ohio Bureau of Employment
Services.[1]

On January 30, 1976, the Administrator, Ohio Bureau of
Employment Services (Administrator), in a determination of
benefits, ruled that Roppo was "discharged for just cause"
(R. C. 4141.29[D][2][a]), and disallowed appellee's claim for
the week ending January 3, 1976.

----

[1] In his claim for benefits Roppo gave as a reason for leaving his employer,
"suspension". More specifically, he stated he was discharged for sleeping and
neglect of duty.

On February 4, 1976, appellee's attorney filed a request for reconsideration with the Administrator. After a predetermination fact-finding hearing the Administrator affirmed the disallowance of January 30, 1976.

On March 3, 1976, the Administrator mailed a copy of its decision to appellee and his attorney.

Appellee's attorney, in a letter postmarked March 18, 1976, appealed the Administrator's reconsideration decision to the Board.

On June 15, 1976, a hearing was held before a referee of the Board. In a decision dated June 18, 1976, the referee denied appellee's appeal stating that the appeal was not timely filed. That is, the postmark did not bring the filing within the requisite fourteen-day appeal period. The Board denied application for further review and appellee perfected an appeal to the Court of Common Pleas of Cuyahoga County, Ohio.

That court reversed the decision of the Board and ordered that appellee be paid the benefits.

The Board appealed the decision of the Common Pleas Court to this Court raising two assignments of error. The assignments are set out in the margin.[2]

## I.

The issue raised under the first assignment is whether appellee's letter of appeal, mailed prior to the last day of the appeal period, but postmarked after the period had expired, was filed within the statutory time period provided in R.C. 4141.28 (H):

"Any interested party may appeal the administrator's decision on reconsideration to the board and *unless an appeal is filed from such decision on reconsideration with the board within fourteen calendar days after such decision was mailed to the last known post office address of the appellant such deci-*

---

[2] *Assignment of Error No. I:* "The Court of Common Pleas erred in failing to rule that the administrative appeal was not timely filed in accordance with Section 4141.28 (H) O.R.C. and that appellee failed to file said appeal within the statutory fourteen (14) calendar day period."

*Assignment of Error No. II:* "The Court of Common Pleas erred in ruling that appellee was not discharged for just cause in connection with his work and, therefore entitled to unemployment benefits."

*sion on reconsideration is final* and benefits shall be paid or denied in accordance therewith." (Emphasis added.)

To support his claim, appellee's attorney testified that he placed the letter of appeal in the mail on the evening of March 16, 1976, the day *before* the last day of the time period for appeal. He further claimed that he called the Post Office and ascertained that the letter would be picked up and postmarked on March 17, 1976. Nevertheless, the envelope containing appellee's appeal was delivered postmarked March 18, 1976. This was one day after the time for appeal had expired.

The Board of Review has statutory authority to adopt rules of procedure for the hearing and disposition of appeals. The relevant part of R.C. 4141.06 provides:

"The board shall hear appeals arising from claims for compensation and adopt, amend, or rescind such rules of procedure, undertake such investigations, and take such action required for the hearing and disposition of appeals as it deems necessary and consistent with sections 4141.01 to 4141.46 of the Revised Code. Such rules of procedure shall be effective as the board prescribes and shall not be inconsistent with such sections."

In *Riverdale Bd. of Education* v. *Grimm* (1977), 55 Ohio App. 2d 5, the Court of Appeals determined that a letter of appeal, postmarked on the last day of the appeal period, had been "filed" within the meaning of R.C. 4141.28 (H).[3]

The Court interpreted R.C. 4141.28 (H) and 4141.28 (I). At page 8 of the opinion it was said:

"R.C. 4141.28 (I) prescribes:

" '(I) * * * appeals may be filed with the board, with the administrator or one of his deputies, with an employee of another state or federal agency, or with an employee of the unemployment insurance commission of Canada charged with accepting claims. * * * '

"Obviously, this statute is in *pari materia* with R.C. 4141.28 (H) and contemplates that an appeal 'filed***with the board' under R. C. 4141.28(H) is done so when filed with

---

[3] The Board of Education filed an appeal of the Administrator's reconsideration decision. The appeal was mailed and postmarked on June 9, 1976, the fourteenth day after the mailing of the Administrator's decision. The letter of appeal was received on June 10, 1976, the fifteenth day after the mailing of the Administrator's decision, *Riverdale Bd. of Education* v. *Grimm, id.* at 6.

any of those persons, officers or agencies set forth in R.C. 4141.28 (I), including 'with an employee of another state or federal agency.' *Reasonably depositing a letter for postmark by an employee of the United States Postal Service is equivalent to filing same with an employee of a federal agency as of the time that the postmark is affixed* and that part of Rule UCr-13-01 equating postmarking with filing is consistent with the governing statutes." (Emphasis added.)

The pivotal question in the instant appeal is the same as in *Grimm.* That is, what is meant by the word "filed"?

The Board of Review has now adopted a new administrative code with a provision succeeding UCr-13-01(B). The new section, like its predecessor, equates postmarking with filing:

"4146-13-01 Time of appeal; beginning of appeal period"

"(B) When Appeal, Request, or Application is deemed to be Filed

"An appeal, or application to institute further appeal, or other request, or application, shall be deemed to be filed with the Board on the date of receipt, where delivered to the Board or to any of the agencies or employees designated in 4146-5-01, by the person himself, or his representative, agent or messenger. *Filing shall be deemed to be completed on the postmarked date appearing on the enclosing envelope where filing is by mail.*" (Emphasis added.)

It is well settled that where the right to appeal is statutory, the mode stipulated by the statute is mandatory, *Zier* v. *Bureau of Unemployment Compensation* (1949), 151 Ohio St. 123, 125; *Knoll* v. *Dudley* (1969), 20 Ohio App. 2d 339, 343, and requires strict compliance, *Riverdale Bd. of Education* v. *Grimm, supra* at 7.

The fact that appellee's attorney placed the appeal form in the mail on March 16, 1976, prior to the expiration of the appeal period does not bring him within the rule. See *Calhoun* v. *Bur. of Employ. Services* (1979),      Ohio App. 2d     .

The trial court erred in concluding that appellee's appeal was timely filed.

Assignment of Error No. I is well taken.

## II.

Were it necessary to consider the second assignment of

error, challenging the ruling that appellee was not discharged for just cause, it would be deemed well taken because the merits of the discharge have *not* been determined administratively. The discharge issue was not and is not ripe for appeal to the Common Pleas Court.

However, it is unnecessary to address the issue because of the disposition of the first assignment of error.

Reversed and final judgment entered for appellant.

*Judgment reversed.*

CORRIGAN, C.J., and PRYATEL, J., concur.