JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Travis Jeric appeals his conviction and sentence for shortcutting an intersection. Jeric assigns the following errors for our review: *Page 2 
 "I. Improper Statutory Interpretation-The trial court erred by ignoring City of Cleveland Ordinance No. 1021-89 in finding the applicable portion of West 24th constituted a `street,' and subsequently determined appellant guilty for shortcutting at an intersection."
 "II. Speedy Trial Violation — Appellant's speedy trial rights were violated under O.R.C. § 2945.71
because the trial court erred in denying appellant's motion to dismiss."
 "III. Improper Charge and Sentence — The trial court erred in charging appellant and eventually sentencing appellant to a third degree misdemeanor because appellant did not have three traffic offenses within one year, which is required under Cleveland Codified Ordinance to charge and sentence appellant to a third degree misdemeanor."
 {¶ 2} Having reviewed the record and pertinent law, we reverse Jeric's conviction and sentence. The apposite facts follow.
 {¶ 3} On January 23, 2007, James Simone, of the City of Cleveland's Police Department, observed Jeric drive through a municipal lot located at Lorain Avenue and West 24th Street in Cleveland, Ohio. Officer Simone cited Jeric for shortcutting an intersection in violation of Cleveland Codified Ordinance § 431.41, for failing to turn directly unto West 24th Street from Lorain Avenue at the intersection of the two thoroughfares. Officer Simone charged Jeric with a third degree misdemeanor.
 {¶ 4} On February 2, 2007, Jeric pleaded not guilty at his arraignment and a trial was scheduled for February 14, 2007. On that date, due to a major snowstorm, the Cuyahoga County Justice Center, which houses the Cleveland Municipal Court, was closed. As a result, the trial was rescheduled to March 7, 2007. *Page 3 
 {¶ 5} On March 7, 2007, the City of Cleveland requested a continuance, which the trial court granted, and rescheduled the trial to March 28, 2007. On March 23, 2007, Jeric filed a motion to dismiss for violation of his right to a speedy trial, which the City of Cleveland opposed. On March 28, 2007, the court denied Jeric's motion to dismiss and a bench trial ensued.
 {¶ 6} Following the trial, the court found Jeric guilty of shortcutting an intersection, imposed a fine of $350, and sentenced Jeric to six months of inactive probation. Jeric paid the fine, but requested a stay of execution of the probation conditions pending a direct appeal. The trial court granted Jeric's motion for stay of the probation conditions.
 Improper Charge and Sentence {¶ 7} We will begin with the third assigned error, which we find dispositive of the instant appeal. In the third assigned error, Jeric argues that he was improperly charged with a third degree misdemeanor driving violation, instead of a minor misdemeanor. Jeric specifically argues that the trial court misinterpreted Cleveland Codified Ordinance § 403.99. We agree.
 {¶ 8} Initially, we note that the interpretation of a city's ordinance presents a question of law that must be reviewed de novo.[1] Thus, we apply the same standards of the trial court without deference to the trial court's decision.[2] *Page 4 
 {¶ 9} In the instant case, Jeric was charged with shortcutting an intersection in violation of Cleveland Codified Ordinance 431.41. Cleveland Codified Ordinance 431.41 provides as follows:
 "No person shall operate a motor vehicle through a service station, parking lot or any other place of business to pass from one street to an intersecting street without stopping for service provided by such service station provided by such station or place of business."
 {¶ 10} Cleveland Codified Ordinance 403.99, at issue in the instant appeal, provides the penalty for the charged violation. Cleveland Codified Ordinance 403.99(a)(1) provides as follows:
 "* * * Whoever violates any provision of this Traffic Code or any regulation lawfully adopted pursuant thereto, for which violation no penalty is otherwise provided, is guilty of a minor misdemeanor on a first offense; on a second offense within one year after the first offense, such person is guilty of a misdemeanor of the fourth degree; on each subsequent offense within one year after the first offense such person is guilty of a misdemeanor of the third degree."
 {¶ 11} Jeric argues that the plain reading of the Cleveland Codified Ordinance 403.99(a)(1) indicates that he was improperly charged with a third degree misdemeanor, because he did not have two prior traffic offenses within one year. *Page 5 
Jeric specifically maintains that based on the plain reading of the above ordinance, the date of the offense is the determinative factor in deciding whether a person is guilty of a third degree misdemeanor.
 {¶ 12} On the contrary, the City of Cleveland argues that Jeric was properly charged, convicted, and sentenced to a third degree misdemeanor. The City of Cleveland urges this court to look behind the legislative intent of R.C. 4511.99(C), a related code section, to conclude that the date of conviction, and not the date of the offense is the determinative factor in deciding whether Jeric is guilty of a third degree misdemeanor. We are not persuaded.
 {¶ 13} R.C. 4511.99(C) provides in pertinent part as follows:
 "Whoever violates any provision of sections 4511.01 to 4511.86 of the Revised Code for which no penalty otherwise is provided in the section violated is guilty of one of the following:
 "* * *
 "(C) If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to two or more predicate motor vehicle or traffic offenses, a misdemeanor of the third degree."
 {¶ 14} In adhering to longstanding rules of statutory construction, in looking at the specific language contained in ordinances, if the language is unambiguous, we must apply the clear meaning of the words used.[3] In addition, words and phrases *Page 6 
shall be read in context and construed according to the rules of grammar and common usage.[4]
 {¶ 15} A review of Cleveland Codified Ordinance 403.99(a)(1) clearly indicates that the date of the offense is the triggering factor for an enhanced penalty. In fact, the ordinance at issue herein, mentions the word "offense" five separate times.
 {¶ 16} Here, the record reveals that Jeric's first traffic offense occurred on November 8, 2005, the second offense on January 13, 2006, and the third offense, which is the subject of the instant proceeding occurred on January 23, 2007. It is undisputed that the traffic offense at issue did not occur within one year of Jeric's most recent traffic offense.
 {¶ 17} Thus, based on the clear and unambiguous reading of Cleveland Codified Ordinance 403.99(a)(1), the January 23, 2007, traffic offense should have been charged as a minor misdemeanor. Consequently, applying the rules of statutory construction and considering the clear meaning of the words as written, we find that Jeric was incorrectly charged, convicted, and sentenced. Accordingly, we sustain the third assigned error.
 Speedy Trial {¶ 18} In the second assigned error, Jeric argues he was denied his constitutional right to a speedy trial. Based on our resolution of the third assigned *Page 7 
error, wherein we concluded that Jeric was improperly charged with a third degree misdemeanor, instead of a minor misdemeanor, we agree that Jeric's constitutional right to a speedy trial was violated.
 {¶ 19} Our review of a trial court's decision on a motion to dismiss for a speedy trial violation involves a mixed question of law and fact.[5] We accord due deference to a trial court's findings of fact if supported by competent, credible evidence, but determine independently if the trial court correctly applied the law to the facts of the case.[6] Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state.[7]
 {¶ 20} The Sixth and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial by the state.[8] In Barker v. Wingo,[9] the United States Supreme Court declared that, with regard to fixing a time frame for speedy trials, "the States * * * are free to prescribe a reasonable period consistent *Page 8 
with constitutional standards * * *." To that end, the Ohio General Assembly enacted R.C. 2945.71 in order to comply with theBarker decision.[10]
 {¶ 21} R.C. 2945.71 states, in pertinent part:
 "(A) Subject to division (D) of this section, a person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons."
 "* * *
 "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section."
 {¶ 22} It is well established that the Ohio speedy trial statute constitutes a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or misdemeanor and shall be strictly enforced by the courts of this state.[11] Once the statutory limit has expired, the defendant has established a prima facie case for dismissal.[12] At that point, the *Page 9 
burden shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72.[13]
 {¶ 23} In the instant case, the record reveals that Jeric received the citation on January 23, 2007, and the first trial date was set for February 14, 2007. Thus, twenty-three days elapsed between the summons and the first trial date. On February 14, 2007, inclement weather forced the closing of the courts, and all cases originally scheduled for that date were rescheduled to March 7, 2007.
 {¶ 24} The trial court records indicate that on February 15, Jeric requested that the trial be continued to March 7, 2007. Jeric contends that he did not request a continuance. However, for the reasons that follow, we find that Jeric was not prejudiced.
 {¶ 25} R.C. 2945.72(H) permits the time limits for trial to be tolled during the period of "* * * any reasonable continuance granted other than upon the accused's own motion."[14] Here, the trial court's rescheduling of the February 14, 2007, trial date to March 7, 2007, due to inclement weather was reasonable. This continuance served to toll the running of Jeric's speedy trial time. *Page 10 
 {¶ 26} On March 7, 2007, the City of Cleveland requested a continuance, which the trial court granted and subsequently rescheduled the trial to March 28, 2007. From March 7, 2007 to March 28, 2007, twenty-one more days elapsed.
 {¶ 27} Thus, Jeric was brought to trial in forty-four days, two weeks outside the thirty days required for a minor misdemeanor. Consequently, Jeric's right to a speedy trial was violated. Accordingly, we sustain Jeric's third assigned error.
 {¶ 28} Based upon our resolution of the second and third assigned errors, the first assigned error is moot.[15]
Judgment reversed.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] Ledford v. Bd. of Zoning Appeals, 171 Ohio App. 3d 24,2007-Ohio-1673, citing Lamar Outdoor Adver. v. City of Dayton Bd. OfZoning Appeals, 2nd Dist. No. 18902, 2002-Ohio-3159.
[2] Brinkman v. Doughty (2000), 140 Ohio App.3d 494, 497.
[3] Dayspring of Miami Valley v. Shepherd, 2nd Dist. No. 06-CA-113, 2007-Ohio-2589, citing Roxane Laboratories, Inc. v.Tracy, 75 Ohio St.3d 125, 127, 1996-Ohio-257.
[4] R.C. 1.42.
[5] State v. Easley, 4th Dist. No. 03CA2910,2005-Ohio-767, citing State v. Brown (1998), 131 Ohio App.3d 387, 391;State v. Kuhn (June 10, 1998), 4th Dist. No. 97CA2307.
[6] Id.
[7] Brecksville v. Cook, 75 Ohio St.3d 53, 57, 1996-Ohio-171; also seeState v. Mustard, 4th Dist. No. 04CA724, 2004-Ohio-4917
at 10.
[8] City of Independence v. Wohlgemuth, Cuyahoga App. No. 86373,2006-Ohio-569, citing State v. O'Brien (1987), 34 Ohio St.3d 7.
[9] (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101112-113.
[10] See, also, State v. Lewis (1990), 70 Ohio App.3d 624.
[11] State v. Pachay (1980), 64 Ohio St.2d 218.
[12] State v. Howard (1992), 79 Ohio App.3d 705.
[13] State v. Geraldo (1983), 13 Ohio App.3d 27.
[14] City of Lyndhurst v. Di Fiore, Cuyahoga App. No. 88654,2007-Ohio-3538.
[15] App.R. 12(A)(1)(C). *Page 1