[Cite as *Irving J. Franklin Realty, Inc. v. E. Cleveland*, 2023-Ohio-4419.]

# OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IRVING J. FRANKLIN REALTY, INC.,    :

     Plaintiff-Appellee,    :

                                              No. 112643

     v.    :

CITY OF EAST CLEVELAND,    :

     Defendant-Appellant.    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 7, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-931385

---

### *Appearances:*

Law Office of Arleesha Wilson and Arleesha Wilson, *for appellee.*

Willa M. Hemmons, East Cleveland Director of Law, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Defendant-appellant city of East Cleveland ("the city") appeals the judgment of the trial court entered on April 20, 2023. Upon review, we affirm.

{¶ 2} In March 2020, plaintiff-appellee Irving J. Franklin Realty, Inc. ("the plaintiff"), filed this action against the city. The plaintiff set forth several claims

arising from the alleged wrongful demolition of the plaintiff's house on Collamer Street in East Cleveland, including a claim that its right to due process under the Fifth and Fourteenth Amendments of the United States Constitution was violated. Along with other allegations, the plaintiff alleged that on or about April 26, 2018, the plaintiff received notice from the city that there was a public nuisance on the property, even though the property was recently renovated; that on or about April 30, 2018, Jennifer Franklin ("Franklin"), sent a letter to the city on behalf of the plaintiff to appeal the decision and to request a hearing; that the plaintiff was not afforded an opportunity to be heard; and that around May 2019 the plaintiff learned the house had been demolished. The city filed a counterclaim seeking the costs of the demolition.

{¶ 3} After judgment on the pleadings was granted in part, the case proceeded to a bench trial on the plaintiff's independent claim for a violation of procedural due process under the federal Constitution and on the state's counterclaim. Following trial, the trial court issued a detailed decision in which it granted judgment in favor of the plaintiff and against the city.[1]

{¶ 4} Among other findings, the trial court found the city's notice of the public nuisance was constitutionally sufficient, but the court rejected the city's claim that the plaintiff had waived its right to be heard by allegedly failing to timely request an appeal pursuant to the city's ordinance and by failing to follow the city's

_____

[1] Additional details concerning the procedural history and factual background of the case can be found in the trial court's judgment entry, which is consistent with the record before us.

additional appellate procedures. The trial court further found that to the extent the plaintiff failed to comply with any technical requirements, the plaintiff substantially complied with the appellate procedures in the ordinances. The trial court proceeded to find that the city failed to provide a hearing at a meaningful time and in a meaningful manner, noting that the city did not provide a hearing prior to demolition or even inform the plaintiff that it denied the appeal because of what it considered procedural mistakes. Finally, the trial court determined that the city could not prevail on its counterclaim seeking demolition costs. The trial court concluded as follows:

> The Court concludes that the Plaintiff has demonstrated by a preponderance of the evidence that the City denied [the Plaintiff] procedural due process when it failed to hold a hearing prior to demolishing the house on the Property even though the Plaintiff had requested one. The Court further concludes that the City has not demonstrated its counter claim by a preponderance of the evidence.

The trial court awarded plaintiff damages in the total amount of $30,477.45, plus interest. This appeal followed.

{¶ 5} The city raises three assignments of error for our review. The city claims the trial court erred (1) in its statutory interpretation of East Cleveland, Ohio, Code of Ordinances ("E.C. Ord.") 1313.07(c); (2) in finding strict compliance with the ordinance is not required; and (3) in finding an appeal pursuant to the ordinance was effective upon placing the written demand for the appeal in the mail. We shall address the assignments of error together.

{¶ 6} The plaintiff's claim against the city involves the denial of due process rights in relation to the alleged wrongful demolition of its property. "Before the state may deprive a person of a property interest, it must provide procedural due process consisting of notice and a meaningful opportunity to be heard." *Ohio Assn. of Pub. School Emps. v. Lakewood City School Dist. Bd. of Edn.*, 68 Ohio St.3d 175, 176, 624 N.E.2d 1043 (1994), citing *Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

{¶ 7} In this case, the trial court determined that sufficient notice was provided, but that the city did not provide any predeprivation hearing. The city does not dispute this. Rather, the city argues that the plaintiff effectively waived its right to a hearing. It is well-settled that "[t]he due process rights to notice and [a] hearing prior to a civil judgment are subject to waiver." *Matter of A.H.*, 11th Dist. Geauga No. 2019-G-0222, 2021-Ohio-4055, ¶ 14, citing *D. H. Overmyer Co., Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 185, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). However, the record herein reflects that Franklin, on behalf of the plaintiff, requested a hearing. Franklin sent a letter to the city's director of community development via certified mail on May 2, 2018, which states as follows:

> I am writing to appeal the notification that our property is a public nuisance and requires abatement. I received notification on April 26, 2018. I am writing to request a hearing on the question of whether a public nuisance exists on my property. You may reach me at * * *.

The city contends that this request was not timely.

{¶ 8} Chapter 1313 of the East Cleveland, Ohio, Code of Ordinances governs the procedure for the abatement of nuisances and demolition of structures in the city. E.C. Ord. 1313.07 sets forth the procedure for the right of appeal from a notice regarding the existence of a public nuisance. The city challenges the trial court's interpretation of the ordinance and its rejection of the city's argument that the plaintiff waived her right to be heard by failing to make a timely request pursuant to the ordinance.

{¶ 9} The interpretation of the city's ordinance presents a question of law that this court reviews de novo. *Cuyahoga Cty. Land Reutilization Corp. v. Cleveland*, 2022-Ohio-3916, 199 N.E.3d 1104, ¶ 19 (8th Dist.), citing *Cleveland v. Jeric*, 8th Dist. Cuyahoga No. 89687, 2008-Ohio-1825, ¶ 8. In reviewing the language of the ordinance, we apply the basic rules of statutory construction and consider the clear meaning of the words as written. *See Bosher v. Euclid Income Tax Bd. of Rev.*, 99 Ohio St.3d 330, 2003-Ohio-3886, 792 N.E.2d 181, ¶ 14-15. "Words and phrases must be read in context and construed according to the rules of grammar and common usage." R.C. 1.42. Furthermore, "statutory appeal procedures are remedial in nature and are therefore to be '* * * liberally construed in order to promote their object and assist the parties in obtaining justice.'" *Jackson Cty. Environmental Commt. v. Shank*, 67 Ohio App.3d 635, 639, 588 N.E.2d 153 (10th Dist.1990), quoting R.C. 1.11; *see also Van Meter v. Segal-Schadel Co.*, 5 Ohio St.2d 185, 214 N.E.2d 664 (1966), paragraph one of the syllabus. A fundamental requirement of due process is that an opportunity to be heard at a meaningful time

and in a meaningful manner be provided. *State v. Mateo*, 57 Ohio St.3d 50, 52, 565

N.E.2d 590 (1991), citing *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14

L.Ed.2d 62 (1965).

{¶ 10} E.C. Ord. 1313.07 provides as follows:

> The owner of the property upon which a public nuisance exists and who has been served with a notice, pursuant to § 1313.06, that a public nuisance exists and that it must be abated within 30 days, may, *within seven days after receipt of such notice, make a written demand* to the Director of Community Development for a hearing on the question of whether a public nuisance exists as defined in this chapter.

(Emphasis added.) Pursuant to E.C. Ord. 1313.07(d), a hearing "shall be held no

later than ten days following receipt of the written demand * * *."

{¶ 11} In this case, the record reflects that the plaintiff received the notice of

the public nuisance from the city on April 26, 2018, and within seven days, on May 2,

2018, Franklin sent a letter via certified mail to the city making a written demand

for a hearing. The letter was addressed to the Director of Community Development

C/O Nuisance Abatement Board. The city received Franklin's letter on May 4, 2018,

but no predeprivation hearing was conducted.

{¶ 12} The city argues that the plaintiff did not comply with

E.C. Ord. 1313.07 "when filing her notice of appeal" and that it was not timely

because the plaintiff's certified-mail letter was not "received" within seven days.

Although the words "filing" and "received" appear nowhere in the ordinance, the city

asserts that the meaning of the word "to" in the ordinance should be interpreted as

not only identifying who the appeal is addressed to, but also who must receive the

appeal as an "end" or "result" within the seven days. We are not persuaded by appellant's argument.

{¶ 13} The ordinance at issue requires the property owner who has been served with the city's notice to "within seven days * * *, make a written demand to the Director of Community Development for a hearing * * *." We must consider the meaning of the phrase "to" in context. The clear terms of the ordinance require the property owner to "make a written demand." The word "to" is a preposition that is used to indicate the person the written demand moves toward. *See* The Britannica Dictionary Online, https://www.britannica.com/dictionary/to, entry 2a (accessed Oct. 31, 2023). Nothing in the plain language of the ordinance requires receipt or filing within seven days and, as liberally construed, we do not interpret the ordinance to impose such a requirement. Simply put, the statute merely imposes a time requirement for the making of a written demand, but this is not equated to receipt by the city. This can be compared with E.C. Ord. 1313.07(d), which requires the city to conduct a hearing "no later than ten days following *receipt* of the written demand." (Emphasis added.) As the trial court aptly stated, "[If the city council] wanted the deadline [in E.C. Ord. 1313.07(c)] to be the receipt of the notice rather than when the owner sends it, it could have said so."

{¶ 14} Nonetheless, the city challenges the trial court's determination that under E.C. Ord. 1313.07, the plaintiff's written demand was effective upon placing it in the mail. In support of this argument, the city cites *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 389 N.E.2d 1113 (1979), and *McNamara v. Dir.,*

*Ohio Dept. of Job & Family Servs.*, 8th Dist. Cuyahoga No. 95226, 2010-Ohio-5619. *Dudukovich* was a case in which the issue was whether Dudukovich had sufficiently complied with R.C. 2505.04 by mailing a copy of the notice of appeal to the Lorain Metropolitan Housing Authority ("LMHA"). *Dudukovich* at 204. However, unlike the ordinance at issue in this case, R.C. 2505.04 specifically states that "[a]n appeal is perfected when a written notice of appeal *is filed* * * *." R.C. 2505.04. Further, *Dudukovich* was an appeal from the final decision by LMHA that was reached after a hearing had been provided. *See id.* at 203. *McNamara* involved an appeal to a court of common pleas from an administrative determination regarding unemployment benefits. *Id.* at ¶ 1. R.C. 4141.281(D)(1) requires that "[t]he director * * * must receive the appeal within the specified appeal period in order for the appeal to be deemed timely filed" with an exception when the postmark date is on or before the last day of the specified appeal period. This is not akin to the matter before us. Likewise, *Bd. of Rev. v. Roppo*, 61 Ohio App.2d 220, 401 N.E.2d 481 (8th Dist.1979), which also is cited by the city, is distinguishable.

{¶ 15} This matter involves a right to a hearing in the first instance, and the ordinance requires only the "making of a written demand" and does not impose any filing or receipt requirement. Further, the circumstances involved in this matter implicate due process rights. "[B]efore a building may be demolished by a municipality on grounds that it constitutes a public nuisance, the owner must be given an opportunity for an administrative hearing * * *." *Toledo v. Schmiedebusch*, 192 Ohio App.3d 402, 2011-Ohio-284, 949 N.E.2d 504, ¶ 67 (6th Dist.), citing

*Likover v. Cleveland*, 8th Dist. Cuyahoga No. 37138, 1978 Ohio App. LEXIS 10424, 9 (June 1, 1978); *Jackson v. Columbus*, 41 Ohio App.2d 90, 93, 322 N.E.2d 283 (10th Dist.1974). "To permit the city to benefit from a course of action which can be described only as legally irresponsible and indifferent to the safeguards established by law for the protection of property rights would be inequitable and improper." *Likover* at 9.

{¶ 16} We agree with the trial court that "[t]he object here is to give property owners in the City an opportunity to state their case before a demolition." Here, the plaintiff complied with the ordinance by making a written demand within seven days of receiving the city's notice, but she was not afforded any predeprivation hearing by the city. In fact, the city took no action upon receiving the written demand. As the trial court found, "[the city] did not schedule a hearing" or "reach out to Franklin" to inform her that it denied her appeal. Franklin testified she continued to maintain the property and in late April 2019, she learned from her landscaper that the house had been demolished.[2]

{¶ 17} The trial court also addressed the city's argument that the plaintiff failed to comply with additional appellate procedures that were listed in a letter attached to the city's notice. The additional appellate procedures included a list of eight items.[3] The trial court determined that these additional appellate procedures

---

[2] It appears from the record that the demolition occurred between March 29, 2019, and April 26, 2019. The landscaper indicated in his testimony that "everything was up to date" and the house was "ready to be moved in."

[3] Some of the listed items were to "[m]ake a written request to remove property off the demolition list" and to "order a point of sale." Three of the items denoted a time of

are not required by any ordinance and on their face are inconsistent with E.C. Ord. 1313.07.[4] The city has not challenged this determination. Rather, the city challenges the trial court's determination that to the extent the plaintiff failed to comply with any technical requirements, the plaintiff did not waive its right to a hearing because it substantially complied with the appellate procedures.

{¶ 18} In arguing against substantial compliance on appeal, the city asserts that the plaintiff had to strictly comply with the appellate process under E.C. Ord. 1313.07(c) in terms of delivery of the written demand. The city again maintains that because in its view the plaintiff's written demand for a hearing was not timely, the plaintiff waived her rights to due process. The city has not cited to any authority directly on point, and we need not address this claim. In this case, no waiver of due process rights occurred, and the city never afforded the plaintiff any meaningful opportunity to be heard.

{¶ 19} We are not persuaded by any other argument raised. The trial court reached the proper conclusion in this case. For the foregoing reasons, the city's assignments of error are overruled.

{¶ 20} Judgment affirmed.

---

two weeks for the property owner to "[s]ecure the exterior of property," "[s]ubmit construction estimate * * *," and "[b]ecome current on taxes." Other items were to "[p]rovide proof of funds," "[p]ay all expenses incurred," and "[p]ut 10% of construction estimate in escrow."

[4] It was undisputed that the plaintiff had completed three of the items listed, and some of the items gave the property owner more time (two weeks) than the city's code permits to set a hearing (ten days).

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
LISA B. FORBES, J., CONCUR