THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LOUIS FRIEDMAN, ALSO KNOWN AS "LABEL" FRIEDMAN, PLAINTIFF IN ERROR.

Submitted October 1, 1946—Decided April 18, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the plaintiff in error, *Edward I. Feinberg* (*Isaac C. Ginsberg,* of counsel).

For the state, *Lewis P. Scott,* Prosecutor of the Pleas, and *David R. Brone,* Assistant Prosecutor of the Pleas.

The opinion of the court was delivered by

HEHER, J. The writ of error removed into this court, for review, the judgment of conviction of plaintiff in error, after a jury trial, upon all three counts of an indictment charging, as separate offenses, that on or about April 13th, 1944, November 13th, 1944, and February 9th, 1945, in the City of Atlantic City, he "did sell to Samuel Zechtzer tickets, chances and shares in a certain lottery known as the 'Number Game' and also known as 'Numbers,' " more particularly described therein, contrary to *R. S.* 2:147–1 (a).

The entire record of the trial proceedings is here pursuant to *R. S.* 2:195–16.

The sufficiency of the evidence to sustain the several counts of the indictment is challenged. It is said that there was error in the refusal of the trial judge to grant motions for a directed verdict of acquittal, for such insufficiency, at the conclusion of the state's case and at the close of the whole case, and that, at all events, the verdict as to all three counts is contrary to the weight of the evidence. We find these points to be untenable.

There as a plenitude of proof of a sale by the accused to Zechtzer, on each of the occasions averred in the indictment, of a share or interest in a lottery of the character described therein. The defense was that the accused acted merely as Zechtzer's agent in the purchase of the lottery shares, and thus the sale thereof was made by a third person and not by the accused. This explanation was rejected by the jury as utterly implausible and incredible—a conclusion that is plainly not beyond the bounds of reason.

But it is said that there was no proof of the sale of a lottery "ticket" on either occasion, and these transactions therefore did not fall within the prohibition of the cited statute. True, there was no delivery of a lottery ticket to Zechtzer; but that is not of the essence of the offense denounced by the statute and charged in the indictment. A lottery within the concept of the statute is a scheme for the distribution of prizes by lot or chance; and a lottery ticket is merely the evidence or token of the holder's participation in

the lottery and the number which determines his right to share in the distribution resolved by chance after the sale. The actual delivery to the purchaser of a memorandum of the sale of a share in the lottery is not an essential ingredient of the crime. The statute strikes at the lottery; and to hold that the sale of a share or interest therein is not within its terms, unless accompanied by a delivery to the purchaser of the written memorandum of the transaction, would provide the means for its evasion and the frustration of its obvious policy, and this is a construction to be rejected unless clearly unavoidable. The rule of strict construction of penal statutes, according to the letter, does not justify a disregard of the manifest legislative intention.

Error is also assigned upon the following instruction:

"I might charge you in passing that in deliberating on this case you are not to restrict yourselves exclusively to the date set forth in the indictment, since the time is merely a formal allegation, as we say in the law. If you find that he was guilty of these offenses any time within the past two years, then you can find him guilty. It is not the particular date that you are to be perturbed about."

There is evidence that, for some seven months prior to the return of the indictment, Zechtzer "played numbers every day" with one Pascal and also with the accused; and it is said that by this instruction it was permissible for the jury to return a verdict of guilty "if they found a violation of the statute on any day within at least the period of one year," and thus a violation not charged in the indictment. We do not so read the charge.

The cited evidence related to a course of conduct, not to specific violations of the statute. We think the challenged passage is fairly susceptible of the construction that proof of the commission of the particular offenses charged on days other than those laid in the indictment would not constitute a fatal variance; and this is the law. Where, as here, time is not of the essence of the offense, proof of its commission on a day other than that alleged in the indictment, if within the period fixed by the statute of limitations, ordinarily does

not constitute a material variance. *State* v. *Unsworth,* 84 *N. J. L.* 22; *affirmed,* 85 *Id.* 237; *State* v. *Shapiro,* 89 *Id.* 319; *State* v. *Naujoks,* 95 *Id.* 500; *State* v. *Calabrese,* 99 *Id.* 312; *affirmed,* 100 *Id.* 412; *State* v. *Yanetti,* 101 *Id.* 85; *State* v. *Simon,* 114 *Id.* 551; *affirmed,* 116 *Id.* 134; *State* v. *Lewandowski,* 121 *Id.* 612; *State* v. *Newman,* 128 *Id.* 82. This principle has been given statutory recognition in *R. S.* 2:188–5. It is, of course, fundamental that the accused can not be lawfully convicted of a crime different from that presented by the grand jury. But the instruction under consideration is not reasonably open to objection on that score. The prepositional phrase "these offenses" plainly has reference to the particular violations laid to the accused in the indictment, and made the subject of specific proof. The case of *State* v. *Sing Lee,* 94 *Id.* 266, is not analogous. There, an indictment alleging carnal abuse on a given day was amended to charge the like offense on each of two prior days, and thus to charge two separate and distinct crimes of like character in substitution for the one presented by the indictment, and thereby to subject the accused to prosecution for an offense not within the indictment returned by the grand jury. Plainly, the accused did not suffer manifest wrong or injury by the direction in question, considered in relation to the facts and circumstances of the case.

And there was no harmful error in the instruction that the jury could consider whether the accused "was acting as what is commonly called a banker, or whether he was not, or whether he sold an interest in a lottery or numbers game conducted by someone else."

Whether the accused sold an interest in the lottery as the "banker" or on behalf of the operator of the lottery is immaterial. He was guilty of the charge laid in the indictment in either event.

We find no error in the instruction respecting the element of interest in evaluating the accused's testimony.

Judgment affirmed.