Bruno PEPE, Petitioner,

v.

Raymond W. ANDERSON, Respondent.

No. 21.

United States District Court
D. Delaware.

June 13, 1962.

John Merwin Bader, Bader & Biggs, Wilmington, Del., for petitioner.

Charles L. Paruszewski, Deputy Atty. Gen., for State of Delaware.

LAYTON, District Judge.

This is a petition for Habeas Corpus filed in this Court for the purpose of drawing into review the conviction and sentence of the petitioner in the Superior Court of Delaware upon a charge of numbers writing.

On October 29, 1959, the vice squad of the Wilmington Police force employed an informer to go in a small store in that city and place a lottery policy or "numbers" bet, with the petitioner. The informer entered the store, gave petitioner two silver quarters and told him he wanted to play numbers 786 and 789. Petitioner wrote the numbers on a slip of paper together with the letters C. J., the informer's initials, but did not give the informer any slip, ticket or other receipt evidencing the play.

Petitioner was charged with violating Sec. 661, Title 11 Del.Code and convicted in the Municipal Court of the City of Wilmington, where he was sentenced to imprisonment for one month and a fine of $100.00. He appealed to the Superior Court, where on a trial de novo he was again convicted and received the same sentence.

Thereafter, petitioner appealed to the Supreme Court of Delaware where the conviction was sustained. Subsequently, petitioner filed an appeal (alternatively a petition for certiorari) in the United States Supreme Court which was dismissed, 368 U.S. 31, 82 S.Ct. 145, 7 L.Ed. 2d 90. All State remedies have been exhausted.

Title 11, Sec. 661, Delaware Code of 1953, under which petitioner was convicted reads:

"Whoever sells or disposes of, or has in his possession with intent to sell or dispose of, any lottery policy, certificate, or anything by which such person or any other person promises or guarantees that any par-

ticular number, character, ticket, or certificate, shall in the event, or on the happening of any contingency in the nature of a lottery, entitle the purchaser or holder to receive money, property, or evidence of debt; or

"Whoever uses or employs any other device by which such person, or any other person, promises or guarantees as provided in the first paragraph of this section—

"Shall, for a first offense, be fined $100 and in default of payment imprisoned 1 month; and, for a second and all subsequent offenses, be fined $100 and imprisoned not less than 1 nor more than 2 months."

The indictment in the Superior Court upon which the Information was drawn read:

"Bruno Pepe on the 29th day of October, 1959 in the County of New Castle did accept a play of twenty-five cents on the numbers 769 and 786 from Dennis McCray, contrary to Title 11, Sec. 661 of the Delaware Code of 1953."

Petitioner bases his petition for the granting of Habeas Corpus upon these grounds:

(1) WHETHER, IF THE STATUTE IN QUESTION IS NOT SO VAGUE, UNCERTAIN AND AMBIGUOUS AS TO OFFEND AGAINST THE DUE PROCESS REQUIREMENT OF THE 14th AMENDMENT, THE SUPREME COURT OF DELAWARE DID NOT GIVE IT A CONSTRUCTION CONTRARY TO THE ONLY SENSIBLE MEANING WHICH COULD BE DRAWN FROM ITS LANGUAGE, THEREBY BRINGING WITHIN ITS SCOPE PERSONS, SUCH AS PETITIONER, AND ACTS TO WHICH THE STATUTE COULD NOT BY ANY REASONABLE CONSTRUCTION BE MADE TO APPLY.

(2) WHETHER THE STATUTE UNDER WHICH PETITIONER WAS CONVICTED, WHICH BY ITS TERMS SEEKS TO PROHIBIT THE SALE OR ISSUANCE OF LOTTERY TICKETS OR THEIR EQUIVALENT, IS SO VAGUE, AMBIGUOUS AND UNCERTAIN THAT A CRIMINAL CONVICTION UNDER IT VIOLATES THE "DUE PROCESS" PROVISIONS OF THE 14th AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

(3) WHETHER THE CRIMINAL INFORMATION UNDER WHICH PETITIONER WAS CHARGED, FAILING AS IT DID TO STATE ANY OF THE LEGAL ELEMENTS OF THE OFFENSE SOUGHT TO BE CHARGED, WAS SO DEFICIENT AND DEFECTIVE THAT A CONVICTION UNDER IT CONSTITUTED A VIOLATION OF THE DUE PROCESS PROVISIONS OF THE 14th AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

The Supreme Court of Delaware in sustaining petitioner's conviction in the Superior Court, 171 A.2d 216, considered all these questions and found them to be without merit.

■ Initially, petitioner concedes that the issuance of a ticket or receipt to the bettor is not essential to a lottery, but he takes the position that Sec. 661 was designed to prohibit only those lotteries which require the issuance of a ticket or receipt. Inasmuch as lotteries in the early days were no doubt generally conducted by the use of tickets or receipts issued to the player, some merit might be found to exist in the petitioner's argument if the first paragraph of the section, alone, dealing with "lottery policy, certificate, or anything by which such person * * * promises or guarantees", etc., is considered. But at a time when the lotteries were generally conducted by the issuance of certificates or

receipts, it is significant that the second paragraph[1] of the Section read:

"Or whoever uses or employs *any other device* by which such person * * * promises or guarantees as provided in the first paragraph of this section." (Emphasis supplied.)

Interpreting this language against the background of the times, the Supreme Court of Delaware concluded that Sec. 661 was intended to prohibit all lotteries, not just those carried on through the device of issuing a certificate or receipt. I agree.

■ Although there is authority to the contrary in some cases dealing with gambling devices (Plummer v. United States, 88 U.S.App.D.C. 244, 189 F.2d 19) one of the plain dictionary meanings of the word "device" is: "That which is devised or formed by design; as (a) a scheme, often a scheme to deceive; a stratagem." Webster's New Collegiate Dictionary. The scheme of operating the numbers game without formal evidence of the bet is widespread as testified to by experts at the petitioner's trial. And clearly the sale or disposition of an oral agreement or promise as evidenced by numbers written upon a piece of paper carrying the bettor's initials (though not given to the bettor) is a stratagem, scheme or device used in the conduct of a lottery within the meaning of the second paragraph of Sec. 661. State v. Friedman, 135 N.J.L. 419, 52 A.2d 416, aff'd. 136 N.J.L. 634, 57 A.2d 390 (Ct. Errors & Appeals N.J.); compare State v. Del Vecchio, 145 Conn. 549, 145 A.2d 199. It is worthy of note that in two cases involving Sec. 661, the Delaware courts gave the following general definition of lottery: "Lottery is a scheme for distribution of money or prizes by chance. That scheme is not limited to the sale of tickets * * *." State v. Sedgwick, 2 Boyce 453, 81 A. 472, 473

(Del.Gen.Sess.); State v. Gilbert, 6 Boyce 374, 100 A. 410 (Del.Gen.Sess.).

■ Petitioner's second contention is that Sec. 661 is so vague as to violate the due process provision of the Fourteenth Amendment. This question was not raised in the trial Court. Here again, petitioner's point is not well taken. If we consider only the first paragraph of the Section dealing with the sale of physical policies, certificates or receipts, as petitioners would have us do, it might be argued persuasively that a person is not put upon clear notice that the operation of a lottery unaccompanied by a slip of paper, receipt, etc., is illegal. But, again, a glance at the second part of the Section constitutes reasonably clear notice that the conduct of a lottery by whatever method, means or device is banned— or, to state it differently, that the Section prohibits all lotteries.[2]

■ Finally, petitioner argues that the Information was legally defective in that it failed to set forth any of the legal elements of the offense charged. The Information did set forth the specific time and acts of which petitioner was accused. It set forth the correct citation of the Statute. A glance at the Statute would reveal the remaining elements of the offense which the State had to prove. And if there were any doubt in petitioner's mind as to what the Information charged, he had the right under Delaware Criminal Rule 7(e), Del. C.Ann. (the same as Federal Criminal Rule 7(e), 18 U.S.C.A.) to have the Information quashed with the right upon the part of the State to amend. United States v. Elade Realty Corporation, 2 Cir., 157 F.2d 979, certiorari denied 329 U.S. 810, 67 S.Ct. 624, 91 L.Ed. 601. Since petitioner went to trial both in the Municipal and Superior Courts without taking advantage of his right to move to quash for vagueness or lack of speci-

---

1. This second paragraph originally was not a separate paragraph but was annexed to the first sentence of the Section by the word "or".

2. While this point was raised before the Supreme Court of Delaware, that Court did not specifically mention it in its opinion. It must be inferred, however, that it considered and rejected the argument.

ficity, it is highly unlikely that he was in any way prejudiced. The Supreme Court of Delaware considered this same argument also and found it invalid. Pepe v. State, supra.

For the reasons stated, the petition will be denied.

An order will be entered in accordance with this opinion.