BOSHER ET AL., APPELLEES, *v.* EUCLID INCOME TAX BOARD OF REVIEW; CITY OF EUCLID ET AL., APPELLANTS.

[Cite as *Bosher v. Euclid Income Tax Bd. of Review,* 99 Ohio St.3d 330, 2003-Ohio-3886.]

(No. 2002–0984—Submitted June 4, 2003—Decided August 6, 2003.)

FRANCIS E. SWEENEY, SR., J.

{¶ 1} In 1998, appellees, William and Ruby Bosher, while residents of Euclid, Ohio, received over $3.5 million in a lump sum from the Ohio Super Lotto game. They paid federal and state income tax but not city income tax on their winnings.

{¶ 2} Thereafter, the city of Euclid, an appellant, notified appellees that they owed \$102,378.81 in city income tax for tax year 1998. Appellees contested the assessment, arguing that the Euclid Codified Ordinances did not authorize the city to tax lottery winnings. The Euclid Tax Administrator rejected this argument and upheld the assessment. Under protest, appellees paid the tax and then sought return of the payment by filing an appeal with the Euclid Income Tax Board of Review.

{¶ 3} The board of review affirmed the administrator's determination that the lottery winnings were taxable income, and the Cuyahoga County Court of Common Pleas affirmed the board of review's determination. The court of appeals reversed the judgment of the common pleas court. The cause is now before this court upon the allowance of a discretionary appeal.

{¶ 4} We are asked to determine whether lottery winnings meet the definition of taxable income as defined in the Euclid Codified Ordinances and are therefore subject to the imposition of Euclid's tax assessment. Because we answer this question in the negative, we affirm the judgment of the court of appeals.

{¶ 5} Relevant to our consideration are the following city ordinances. Euclid Codified Ordinances 791.03 provides that, after December 1, 1994, a tax of 2.85 percent is to be imposed on the following income:

{¶ 6} "(c)(1) On the portion attributable to the City on the *net profits* earned on and after January 1, 1967, *of all resident unincorporated business entities or professions or other activities, derived from* sales made, work done, services performed or rendered and business or *other activities* conducted in the City." [1] (Emphasis added.)

{¶ 7} Euclid Codified Ordinance 791.02, a definitions section, provides:

{¶ 8} "For the purposes of this chapter, the terms, phrases, words and their derivatives used herein shall have the meanings given in this section. The singular shall include the plural * * *.

{¶ 9} "(d) *'Business' means any enterprise, activity, profession or undertaking of any nature, conducted for profit or ordinarily conducted for profit, whether by an individual,* partnership, association, corporation or any other entity, excluding, however, all nonprofit corporations which are exempt from the payment of Federal income tax.

{¶ 10} "* * *

{¶ 11} "(q) *'Taxable income' means* wages, salaries and other compensation paid by an employer or employers before any deduction and/or the *net profits*

---

1. The Euclid tax code, which predates the creation of the Ohio Lottery, makes no mention of lottery winnings.

*from the operation of a business, profession or other enterprise or activity* adjusted in accordance with the provisions of this chapter."[2] (Emphasis added.)

{¶ 12} Appellants (Euclid and Central Collection Agency) argue that this definition of "taxable income" encompasses monetary profit derived from all activities or undertakings that are not specifically exempted. However, appellees assert that lottery winnings do not fall within this definition and therefore cannot be taxed. Although appellees have never claimed that Euclid is precluded from levying an income tax on lottery winnings, they assert that Euclid has not validly levied such a tax under its tax code as presently constituted. Appellees argue that if the city's intent had been to levy the municipal income tax on lottery winnings, it merely had to amend its ordinance to provide for such taxation. Absent such an amendment and without clear language making lottery winnings taxable, they contend, appellants cannot legitimately levy the municipal income tax on lottery winnings. We agree.

{¶ 13} It is clear that municipalities have the right to exercise all powers of local self-government and may adopt and enforce such local regulations, including the powers to tax, that are not in conflict with state law. *Fisher v. Neusser* (1996), 74 Ohio St.3d 506, 507, 660 N.E.2d 435. In particular, municipalities may levy an income tax on lottery winnings. Id. at 512, 660 N.E.2d 435.

{¶ 14} In determining whether Euclid's ordinances permit taxation of lottery winnings, we must adhere to the following rules of statutory construction. First, in looking at the specific language contained in the ordinances, if the language is unambiguous, we must apply the clear meaning of the words used. *Roxane Laboratories, Inc. v. Tracy* (1996), 75 Ohio St.3d 125, 127, 661 N.E.2d 1011. In addition, R.C. 1.42 declares, "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." Also, statutory enactments that relate to the same general subject matter must be read in pari materia. *United Tel. Co. of Ohio v. Limbach* (1994), 71 Ohio St.3d 369, 372, 643 N.E.2d 1129. Finally, we must strictly construe tax ordinances and resolve any doubt as to their meaning in favor of the taxpayer. *Roxane Laboratories*, 75 Ohio St.3d at 127, 661 N.E.2d 1011.

---

2. {¶ a} Euclid Codified Ordinances 791.02 defines the additional following terms:

{¶ b} "(g) 'Employer' means an individual, partnership, association, corporation, government body, unit or agency, or any other entity, whether or not organized for profit, who or that employs one or more persons on a salary, wage, commission or other basis of compensation.

{¶ c} "* * *

{¶ d} "(j) 'Net profits' means a net gain from the operation of a business, profession, enterprise or other activity after provision for all ordinary and necessary expenses either paid or accrued in accordance with the accounting system used by the taxpayer for Federal income tax purposes * * *."

{¶ 15} Applying the rules of statutory construction and considering the clear meaning of the words as written, we find that the applicable ordinances do not identify lottery winnings as taxable income. All the relevant statutes, when read in pari materia, contemplate that the activity must be business-related in order to qualify as taxable income. Although the catch-all language "any activity" is couched in broad terms, it refers only to business-related activity or activities undertaken for profit. We made clear that playing the lottery does not fit these criteria when we noted that a lottery ticket is " 'merely the evidence or token of the holder's participation in the lottery and the number which determines his right to share in the distribution resolved by chance after the sale.' " *Fisher*, 74 Ohio St.3d at 510, 660 N.E.2d 435, quoting *State v. Friedman* (1947), 135 N.J.L. 419, 420, 52 A.2d 416.

{¶ 16} In construing *Fisher*, the Lake County Common Pleas Court in *Bartulovic v. Eastlake* (Aug. 15, 2000), Lake C.P. 99 CV 001196, remarked that because a lottery prize is dependent upon chance and not upon any personal effort of the winner, it cannot reasonably be considered compensation for personal services. Also, the court reasoned that in the absence of evidence that the winners derived their livelihood from gambling, lottery winnings could not be considered net profit from the operation of a business or other enterprise or activity. We agree with this reasoning and similarly conclude that the purchase of a chance to win a prize is not equivalent to conducting an enterprise or activity for profit or equivalent to payment for personal services.

{¶ 17} We hold that lottery winnings cannot be taxed pursuant to a municipal ordinance that defines "taxable income" as wages, salaries, and other compensation paid by an employer and/or the net profits from the operation of a business, profession, or other enterprise or activity. Therefore, we find as a matter of law that appellees' lottery winnings are not subject to Euclid municipal taxation. Accordingly, appellees are entitled to a return of the city tax on their winnings, with interest, at a rate to be determined pursuant to R.C. 5703.47, "from the date of the overpayment until the date of the refund of the overpayment." R.C. 718.12(D).

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Reddy, Grau & Meek Co., L.P.A., David E. Meek and Ross S. Cirincione, for appellees.

Patrick J. Murphy, Director of Law, and Phyllis Vento, Assistant Director of Law, for appellant city of Euclid.

Subodh Chandra, Director of Law, and Kim Amponsah, for appellant Central Collection Agency.

Barry M. Bryon and Stephen L. Bryon, urging reversal for amicus curiae, Ohio Municipal League.

